UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACOB LINGENFELTER,

        Plaintiff,                              Case No: 17-10926
                                                     Honorable Victoria A. Roberts

v.

MEIJER GREAT LAKES LIMITED
PARTNERSHIP, et al.,

        Defendants.
_____/

## ORDER GRANTING IN PART, DENYING IN PART, AND RESERVING RULING IN PART ON PLAINTIFF'S MOTION TO COMPEL [Doc. 20]

Plaintiff Jacob Lingenfelter filed this employment discrimination case against Defendants under the Americans with Disabilities Act, alleging they failed to hire him because of his disability.

Before the Court is Plaintiff's motion to compel discovery. [Doc. 20]. The Court held a hearing on Plaintiff's motion on March 5, 2018. Appearing were Joey Niskar on behalf of Plaintiff and Brett Rendeiro and Timothy Williams on behalf of Defendants.

For the reasons stated on the record, the Court **GRANTS IN PART**, **DENIES IN PART**, and **RESERVES RULING IN PART** on Plaintiff's motion to compel discovery, as set forth below.

1.      Regarding Request to Produce No. 23, Plaintiff's motion is Granted in Part and Denied in Part. Defendants already produced the following discovery in response to this request: (1) the job application and interview guides for each bagger/utility worker hired between August 1, 2014 and July 31, 2015 at the White Lake Store (the "Store");

(2) all applications they received for the bagger/utility position at the Store from July 1, 2014 through January 31, 2015; and (3) work schedules for the bagger/utility workers at the Store from August 2014 through July 2015. Defendants must expand their document production for these three categories for all of 2014 and 2015.

Moreover, Defendants must respond in interrogatory form to the following three inquiries: (1) identify any bagger/utility worker with similar work hour availability as Plaintiff hired at the Store during 2014 and 2015; (2) identify any bagger/utility worker at the Store with similar work hour availability as Plaintiff who transferred to a different position or store location (and thus created a position opening) during 2014 and 2015, and include the date of transfer; and (3) identify any bagger/utility worker at the Store with similar work hour availability as Plaintiff who left employment during 2014 and 2015, and provide the date of separation.

2.      Regarding Interrogatory No. 8 and Requests to Produce Nos. 38 and 48, Plaintiff's motion is Granted in Part and Denied in Part. Defendants must produce internal documents responsive to these requests, including job postings on Defendants' own website(s), for calendar years 2014 and 2015. Defendants must also disclose to Plaintiff any third-party source they used or commissioned for job postings/listings from 2014-2015, and produce any internal documents they provided third parties or external documents created on their behalf that are responsive to Plaintiff's requests regarding job postings or requisitions.

3.      The Court Reserves Ruling on Requests to Produce Nos. 4 and 6. After Plaintiff reviews the personnel file of Elaine Evans, he may seek production of any rules, policies or directives referred to, which Evans is alleged to have violated.

4. Regarding <u>Request to Produce No. 17</u>, the Court Grants in Part and Denies in Part Plaintiff's motion, as follows.

    a. For Jeff Lombardo, Melanie Mahan, and Barb Raby, Defendants must produce: (i) documents in their personnel files relating to discipline, transfers, dishonesty, "ADA issues" and/or discrimination training records; and (ii) documents in their personnel files mentioning or relating to Plaintiff or the complaint his mother filed;

    b. Defendants must produce documents revealing Barb Raby's official job title and job code in August and September 2014, and documents revealing the job duties of that position at that time;

    c. For Ellen Brophy-Watt, Defendants must produce documents in her personnel file that relate to and/or mention Plaintiff or the complaint his mother filed;

    d. For Cindy Whelpley, Defendants must produce documents in her personnel file that relate to and/or mention her termination/separation from employment or her disability;

    e. For Richard Whelpley, Defendants must produce documents in his personnel file that relate to and/or mention his wife's termination/separation, or complaints or reports about what Lombardo did to his wife; and

    f. For Kirk Austin, Defendants must produce documents in his personnel file that relate to and/or mention Plaintiff.

5.      The Court Reserves Ruling on <u>Request to Produce No. 47</u>.  Plaintiff may move to re-open discovery regarding profit and loss statements for the Store after the summary judgment stage.

6.      Regarding <u>Requests to Produce Nos. 34(c) and 57</u>, Plaintiff's motion is Granted in Part and Denied in Part.  Defendants must produce Elaine Evans' settlement agreement with the dollar amount redacted.  Plaintiff may re-raise the issue of redaction if Evans contradicts earlier statements or if he can show some other change in circumstances warrants disclosure of the amount of settlement.

7.      Defendants must produce the discovery ordered above by **<u>April 4, 2018</u>**.

8.      Regarding disclosure of Steven Schroeder's phone number, Plaintiff's motion is Granted.  Defendants must disclose Schroeder's phone number to Plaintiff by **<u>March 9, 2018</u>**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  March 6, 2018